KELLUM, Judge.
The appellant, Charles Curtis McKenzie, a convicted sex offender, pleaded guilty to violating § 15-20-22(a)(l), Ala.Code 1975 — a part of the Community Notification Act (“the CNA”), see § 15-20-20 et seq., Ala.Code 1975 — which requires an adult criminal sex offender to provide “the actual address at which he or she will reside or live upon release” to the Alabama Department of Corrections (“DOC”) at least 180 days before the offender’s release from custody. The circuit court sentenced McKenzie as a habitual felony offender to 15 years’ imprisonment, which it split and ordered McKenzie to serve 1 year’s imprisonment followed by 5 years’ supervised probation. The court ordered McKenzie to pay $100 to the Crime Victims Compensation Fund and to pay court costs.
McKenzie moved to dismiss the indictment, arguing, among other things, that the registration requirement in § 15-20-22(a)(1) violated his constitutional right to equal protection under the law. Specifically, McKenzie alleged that he was indigent and homeless. The circuit court denied McKenzie’s motion to dismiss. McKenzie then pleaded guilty, reserving his right to appeal the circuit court’s ruling regarding the constitutionality of § 15-20-22(a)(l). This appeal followed.
On appeal, McKenzie contends, as he did in his motion to dismiss, that the registration requirement in § 15-20-22(a)(l), Ala. Code 1975, requiring an adult criminal sex offender to provide “the actual address at which he or she will reside or live upon release” to DOC at least 180 days prior to release, violates his constitutional right to equal protection under the law. This Court recently addressed the constitutionality of the registration requirement in State v. Adams, 91 So.3d 724 (Ala.Crim.App.2010).
In Adams, the defendant was incarcerated at Kilby Correctional Facility and was scheduled for release in 2008, after com *86 pleting his sentence. However, before his scheduled release date, Adams was unable to provide DOC with an actual address where he would live or reside after his release. The evidence presented to the trial court indicated that Adams was indigent and that he could find no place to live following his release from incarceration. On his scheduled release date, Adams was arrested and was subsequently indicted for violating § 15-20-22(a)(l), Ala.Code 1975. Defense counsel moved to dismiss the indictment on the basis that former § 15-20—22(a)(1) was unconstitutional. Counsel argued, among other things, that that portion of § 15-20-22(a)(l) requiring the defendant to provide “the actual address at which he or she will reside or live upon release” was unconstitutional because “it violated the defendant’s right to equal protection of the law because it incarcerated him for his indigence when other offenders who were not indigent would not be punished under the statute.” Adams, 91 So.Sd at 724. The circuit court subsequently dismissed the indictment against the defendant.
The State appealed, arguing that § 15-20-22(a)(l) was not unconstitutional. This Court disagreed and held that the registration requirement in § 15-20-22(a)(l) was unconstitutional as applied to the defendant in Adams, who was both indigent and homeless, because it violated equal-protection principles. Adams, 91 So.3d at 724.
In the instant case, McKenzie was indicted for violating the registration requirement found in § 15-20-22(a)(l). Before pleading guilty, McKenzie preserved and reserved his argument challenging the constitutionality of § 15-20-22(a)(l) on the basis that he was both indigent and homeless and, therefore, unable to comply with the statute. Like the defendant in Adams, McKenzie challenged whether § 15-20-22(a)(1) was constitutional as applied to indigent and homeless criminal sex offenders.
In light of this Court’s decision in Adams, we remand this case for the circuit court to conduct an evidentiary hearing on McKenzie’s motion to dismiss the indictment on the grounds that the registration requirement in § 15-20-22(a)(l) is unconstitutional as applied to him. Due return shall be filed with this Court within 70 days of the date of this opinion. The return to remand shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, and any documentary or other evidence received or relied on by the court.
REMANDED WITH INSTRUCTIONS. 
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.